*NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| ZUMAR DUBOSE, | Civ. No. 25-5855 (RMB-SAK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, | |
| Defendants. | |

**IT APPEARING THAT:**

1. Plaintiff Zumar DuBose, a pretrial detainee confined in Essex County Jail in Newark, New Jersey, filed a Notice of Removal of his Criminal Case in Essex County Superior Court in New Jersey, Case No. 18005203, Indictment No. 18-09-02798-I, pursuant to 28 U.S.C. § 1455. Dkt. No. 1 ("Not. of Removal").[1]

2. Plaintiff seeks to remove his state court criminal prosecution under 28 U.S.C. § 1443(1), alleging that on March 24, 2025, the Clerk of Court discriminated against him on the basis of race by denying him the right to file pretrial motions. Not. of Removal, Dkt. No. 1 at 6. He contends he has been deprived of a right "as a defendant to enjoy equal enjoyment of the Clerk, goods, services, privileges and accommodations

---

[1] Plaintiff also asserts, pursuant to 28 U.S.C. § 1915(g), that he should be permitted to file this action *in forma pauperis* because he is in imminent danger of severe physical harm due to brain damage, cancer and other illnesses. Dkt. No. 1 at 3.

in violation of 42 U.S.C. § 2000(a)(a) and 42 U.S.C. § 1981(a) because of my race."

*Id.* at 6.

3.   28 U.S.C. § 1455(b)(4) provides:  "[t]he United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

4.   28 U.S.C. § 1443(1) provides that:

> [a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

5.   A litigant must satisfy two elements to remove an action under 28 U.S.C. § 1443(1), first, the rights allegedly denied to the litigant arise under a federal law "providing for specific civil rights stated in terms of racial equality;" and second, the litigant has been "denied or cannot enforce" the specific civil rights in state court. *Georgia v. Rachel*, 384 U.S. 780, 792–94 (1966).  In other words, "Section 1443 provides for federal removal jurisdiction when a defendant otherwise lacks an enforcement remedy to protect his or her federal civil rights related to racial equality[.]"  *Tuter v. Tuter*, No. 4:25-CV-00075-ALM-AGD, 2025 WL 2600011, at *4 (E.D. Tex. Aug. 21, 2025), *report and recommendation adopted*, No. 4:25-CV-00075, 2025 WL 2601545 (E.D.

Tex. Sept. 8, 2025).  Under the second element, "the denial of the petitioner's equal civil rights must be manifest in a formal expression of state law."  *Alabama v. Conley*, 245 F.3d 1292, 1296 (11th Cir. 2001) (citation modified).  Removal is also proper under the very narrow circumstances where "the very act of bringing the state court proceedings will constitute a denial of the rights conferred by the federal statute[.]"  *Id.* (citation modified).

6.  Here, Petitioner has not met the second element.  He has not alleged a state law precludes him, on the basis of race, from filing pretrial motions with the Clerk of Court in the Essex County Superior Court, New Jersey or that the act of bringing the state court proceedings denies him a right conferred by federal statute.  *See e.g.*, *State of Ga. v. Rachel*, 384 U.S. 780, 805 (1966) (holding that if district court found criminal trespass charges resulted from orders to leave places of public accommodation solely for racial reasons, the plaintiff would establish a right to removal under § 1443(1)).

7.  As it appears clearly on the face of the Notice of Removal and attachments annexed thereto that Plaintiff is not entitled to removal of his state court criminal prosecution, the Court will issue a summary remand.  An appropriate order follows.


Dated:  **October 9, 2025**

Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**